In the Matter of the Claim of GEORGE STOCKDALE, Respondent, against INTER-
NATIONAL RAILWAY COMPANY and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.*

Award affirmed, with costs to the State Industrial Board. Hill, P. J., Rhodes
and Crapser, JJ., concur; McNamee, J., dissents and votes to reverse, with an
opinion in which BLISS, J., concurs.

McNAMEE, J. (dissenting). Claimant was injured in May, 1921, and suffered
a ten per cent loss of use of the one hand. The case was reopened in October,
1929, when he had become permanently and totally disabled. After a hearing,
the referee disallowed the claim of November 14, 1932. Application to review the
decision of the referee was made to the Board on December 13, 1932. The review
was opposed by the State fund because application therefor was not made within
twenty days after notice of the filing of the referee's decision. The case was placed
on the calendar of the Board in March, 1933, and was heard by one member thereof
on April 10, 1933. The decision of the Board reversed the referee and restored
the case to the referee's calendar with directions to make an award for permanent
and total disability. This appeal is taken from the decision of the Board reversing
the referee's decision, and also from the decision of the Board allowing the claim.
This appeal in no way involves a "reopening," but is a *review* of a decision made
on a reopening, as shown by the papers and as the record repeatedly states; and the
award was subsequently made. The power of the Board to exercise continuing
jurisdiction, and to alter the award are not in question. The questions here
affect the manner in which the Department may exercise that power, especially
when new rights have arisen in the course of the proceeding. The decision of a
referee must be deemed a decision of the Industrial Board from the date of filing;
and the Board has power to make rules, and these rules have the force of law.
(Labor Law, §§ 19, 27, 28, subd. 4.) An application for review by the Board of a
decision of the referee must be made within twenty days after notice of the filing
of the decision. (Workmen's Comp. Law, § 23; Board rule 13.) It is evident
that the application for review was not made within the time prescribed by the
rule or by the statute. There was a classification from a permanent partial dis-
ability to a permanent total disability. This may be done by the Board when there
has been a change in condition. But if a disability is reclassified after the lapse of
seven years from the date of the accident, and application is made for a review by
the Board of a decision of a referee, such review shall be made by the *entire* Board,
and a decision or award must be made by the affirmative vote of *three* members.
(Workmen's Comp. Law, § 15, subd. 6-a.) In this case the review was not made
by the entire Board, and the decision to make an award for total permanent
disability was not made by the affirmative vote of three members, and accordingly
was unauthorized. And the action of the Industrial Board in permitting a review
after the twenty days above mentioned, and in making the review by a single
member of the Board, were violations of both the statute and the rule. In the
interim between the accident and the final award, rights had accrued to the appel-
lant. Section 25-a provides for the "reopening" of old cases, among others, in
which no compensation has been paid for three years, and which were pending on

* Affd., 265 N. Y. 534.

April 24, 1933; and provides for the payment of such awards from the special fund set up pursuant to that statute. This case was not properly pending on that date, and was before the Board only because of its unauthorized procedure. The Industrial Board disregarded appellant's rights under section 25-a of the Workmen's Compensation Law by not reopening the case, as it has power to do, instead of reviewing the case; and in case an award were to be made, directing the payment of that award out of the special fund. If the Industrial Board had pursued its own rule and the statute controlling the exercise of its power, any award here should not be paid by the State insurance fund, but out of the special fund. If the award is allowed to stand, the appellant will be required to pay on the theory that the proceedings were properly pending on April 24, 1933; whereas, all proceedings pending at that time were unauthorized and illegal. The decisions and award of the Industrial Board should be reversed, the appeal to the Industrial Board vacated, and the decision of the referee made November 14, 1932, be reinstated, with costs. Bliss, J., concurs.